**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Darllel Orr,** ) | **CASE NO. 4:25 CV 1335** |
| ) | |
| **Plaintiff,** ) | **JUDGE PAMELA A. BARKER** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cynthia Davis, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff's Motion Seeking Relief from Judgment Based Upon Fraud and Prejudice (Doc. No. 12) is before the Court. Although Plaintiff does not identify the Federal Rule under which he is seeking relief, it appears he is seeking relief under Federal Civil Procedure Rule 60(b).

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

1

Fed.R.Civ.P. 60(b). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

In this case, Plaintiff filed a civil rights action 42 U.S.C. § 1983 to contest a January 2023 Rules Infraction Board ("RIB") finding of guilt on conduct charges of using counterfeit legal mail to bring drugs into the prison to sell to other inmates. The RIB noted that it was his second conviction for this type of activity in less than three months. Plaintiff disputed the charges and claimed that the charges should not have been brought or should have resolved in his favor. This Court dismissed this case on September 15, 2025, stating that District Courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. Plaintiff did not allege facts plausibly suggesting he was denied due process.

In his Motion for Relief from Judgment Plaintiff continues to assert that he should not have been found guilty of the conduct charges. He contends he is entitled to relief based on fraud. It appears he is attempting to seek relief under Rule 60(b)(e). The alleged fraud upon which he bases his Motion is what he claims was the Defendant's defective investigation into the conduct charges, their weighing of witness testimony and circumstantial evidence, and their conclusion that the evidence supported a finding of guilt

2

to the charges. The fraud addressed in Rule 60(b)(3), however, is fraud on the Court in the litigation process. Fraud on the Court is fraud which is directed to the judicial machinery itself and is not fraud between the parties prior to the litigation process. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010); *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009). Plaintiff has not established a basis for relief from judgment under Rule 60(b)(3).

Plaintiff also contends that the Court should have allowed him to conduct discovery to develop his case before dismissing it. The Court liberally construes this as an attempt to seek relief under Rule 60(b)(1), which allows the Court to grant relief for "mistake, inadvertence, surprise, or excusable neglect Rule 60(b)(1) provides relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made "a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

Plaintiff, however, fails to identify a substantive error of law in the Memorandum of Opinion and Order dismissing his case. This Court cannot review decisions of a prison Rules Infraction Board and overturn their decision of guilt to conduct charges. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). He failed to state a claim upon which relief could be granted. The Court is required to conduct an initial review and dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Plaintiff is not entitled to relief from judgment under Rule 60(b)(1).

Accordingly, Plaintiff's Motion Seeking Relief from Judgment Based Upon Fraud and Prejudice (Doc. No. 12) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: February 3, 2026

     s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE